IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HUMBERTO SOLIS, Jr., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-334-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No.1) by petitioner Humberto Solis, Jr. ("Solis"), a federal prisoner then confined at FMC-Fort Worth in Fort Worth, Texas, and the Warden's response (ECF No. 6).[1] After considering the relief sought by Solis, the record, related briefing, and applicable law, the Court concludes that Solis's § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

### I. BACKGROUND

Solis was convicted in the United States District Court for the Southern District of Texas in Cause Number 7:08-cr-419 of conspiracy to possess with intent to distribute, more than 5 kilograms of cocaine more than 1,000 kilograms of marijuana and 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and § 841(a)(1) and § 841(b)(1)(A) and sentenced to a 292 month term of imprisonment. J., No. 7:08-cr-419-(06), ECF No. 386.[2] Solis's conviction was affirmed on

---

[1] It appears, from review of the records of the Bureau of Prisons, that Solis has been transferred to FCI-Seagoville, in Seagoville, Texas. See www.bop.gov/inmate locator (last visited May 8, 2019). As of the date of this order, Solis has not updated his address with this Court. He remains obligated to update the address of record.

[2] The Court takes judicial notice of the records of the court in *United States v. Solis*, No.7:08-cr-419 (06). *See* FED. R. EVID. 201(b)(2) and (c)(1).

direct appeal. *United States v. Solis*, 410 F. App'x 825 (5th Cir. 2011). On March 2, 2012, Solis filed a motion under 28 U.S.C. § 2255 in the convicting court alleging ineffective assistance of counsel on the ground that counsel told him he would not receive a sentence greater than 20 years' imprisonment. July 23, 2015 Rep. and Rec., Civ. No. M-12-126, App. 1-12, ECF No. 7-1; Order Adopting Rep. and Rec., Civ. No. M-12-126, App. 13, ECF No. 7-1. That § 2255 motion was denied on September 29, 2015. *Id.* After the district court denied the § 2255 motion, Solis filed the instant § 2241 petition in this Court. Pet. 1, ECF No. 1.

## II. CLAIMS FOR RELIEF

Solis asserts that his sentence resulted from a miscalculation of the sentencing guidelines which affected his "substantial rights and seriously affected the fairness of the judicial proceedings." Pet. 2, ECF No. 1. More specifically, Solis alleges the probation officer miscalculated the guidelines on a mistaken drug quantity amount, such that he should have been subjected to a guideline range of 97–121 months. *Id.* at 2, 5–8. Solis seeks to be re-sentenced to 97 months or to time served. *Id.* at 8.

## III. ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Solis fails to show that the § 2255 remedy is either inadequate or ineffective to the test the legality of his detention. Solis cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Solis has not made these showings, and a review of the grounds asserted in the § 2241 petition shows that he cannot make them. Solis does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather Solis challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging

a sentence from those challenging a conviction). In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Solis does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

The Court notes that Solis recites a claim for relief based upon the fairly recent Supreme Court decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) (holding that on direct appeal, a defendant can rely on the application of an incorrect Guideline range to show an effect on his substantial rights for purposes of plain error review). But Solis has not argued that this decision has been made retroactively applicable, and he has not claimed that the decision establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Molina-Martinez* opinion does not provide a basis for invoking the savings clause. *See e.g., Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

As Solis does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Solis's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding

4

that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

**IV.     ORDER**

Accordingly, it is **ORDERED** that Humberto Solis, Jr.'s petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **8th day** of **May, 2019**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**